IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE J. HANCOCK, JOHN J. LISNER, DAVID M. SNELTEN, DALE BOLT, JOSEPH BENSON, and WILLIAM H. COLLINS, as Trustees of the LOCAL 731, I.B. OF T., EXCAVATORS AND PAVERS PENSION TRUST FUND, | ) ) ) ) ) ) | CIVIL ACTION<br><br>NO.<br><br>JUDGE |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| PAMELA BROULLARD, CAROL WILHELM, JACOB BROULLARD, JOSEPH BROULLARD, and SHANON BROULLARD | ) ) ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT AND INTERPLEADER** |
| Defendants. | ) ) | |

## **COMPLAINT**

### **INTRODUCTION**

1. This action is filed as a result of the recent death of James Broullard, a participant of the Local 731, I.B. of T., Excavators and Pavers Pension Trust Fund ("Pension Fund"), and competing claims for benefits by Defendants, Pamela Broullard, Carol Wilhelm (nee Broullard), Jacob Broullard, Joseph Broullard, and Shannon Broullard.

2. The Pension Fund provides a death benefit. The Pension Fund cannot determine who is entitled to the death benefit. Plaintiffs, the Trustees of the Pension Fund, seek an order directing the Defendants to interplead and settle among themselves their rights to the death benefit.

**JURISDICTION AND VENUE**

3. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Interpleader relief is authorized by Rule 22(a)(2) of the Federal Rules of Civil Procedure.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

5. Venue is proper in this district because the Funds are administered within the geographical jurisdiction of this district. 28 U.S.C. § 1391(e).

6. An actual controversy exists between the parties regarding who is entitled to the benefits triggered by the death of James Broullard.

7. A declaratory judgment will terminate the uncertainty and controversy between the Fund and Defendants regarding the death benefit under the Pension Plan.

8. The interpleader action will require the Defendants to settle among themselves their rights under the Pension Plan and discharge the Pension Fund from all liability except to the person or persons entitled to the life insurance benefit.

**PARTIES**

9. Plaintiffs are Trustees and fiduciaries of the Excavating, Grading and Asphalt Craft Local No. 731 and Local 731, I.B. of T., Excavators and Pavers Pension Trust Fund.

10. The Fund is governed by a Board of Trustees (Trustees) and those Trustees administer a Plan of benefits.

11. James Broullard was a participant of the Pension Fund. He died on November 13, 2009. The Fund provides a Death Benefit. The Summary Plan Description provides:

> If you are vested and eligible for one of the Pension Benefits described in Chapter 7, but are not eligible for the Pre-Retirement Survivor Annuity (because, for example, you were not married at the time of your death or you were married for less than one year before your death) and die before retiring, your Beneficiary will receive 60 monthly payments beginning with the month following your death. If you have not designated a Beneficiary, benefits will be paid on your behalf to your spouse, or if none, your children, or if none, your estate

12. At the time of James' death, the Fund had a copy of a designation form that appeared to designate Pamela Broullard, one of James' ex-wives, as the beneficiary of the death benefit. The Fund initially started to pay the benefit of $1,249.76 per month to Pamela, as the designated beneficiary. Under the terms of the SPD, the benefit is for 60 months.

13. However, in a letter to the Pension Fund, one of James' children, Carol Wilhelm (nee Broullard), pointed out some discrepancies in the designation form. (A copy of the designation form is attached as Ex. A). The form is dated February 29, 2001, but was notarized on January 29, 2001. The handwriting that designates Pamela as the beneficiary is different from the handwriting of the signature of James Broullard.

14. Upon closer examination of the beneficiary form, the Pension Fund suspended payments of the benefit to Pamela and gave her the opportunity to appeal that decision. (Letter attached as Ex. B) Pamela responded in writing (Response attached as Ex. C) In her letter she stated that it was her handwriting that designated her as the beneficiary and that James' signed off on that designation before a notary. Pamela cannot explain the difference in the dates. Lastly, Pamela represented to the Fund that she sent the original of the designation form to the offices of the Pension Fund. The Pension Fund, however, only has a copy of the form, not the

original. At this time, the Pension Fund cannot determine the authenticity of the designation form without the original. (Letter attached as Ex. D).

15. If Pamela is not the proper beneficiary of the death benefit, then under the terms of the plan, James' children would be the proper beneficiaries.

16. Upon information and belief, James' children are Carol Wilhelm, Joseph Broullard, Jacob Broullard, and Shannon Broullard.

## INTERPLEADER

17. The Pension Fund's Summary Plan Description provides that with regard to the death benefit, "If you have not designated a beneficiary, benefits will be paid on your behalf to your spouse, or if none, your children, or if none, your estate."

18. The Trustees of the Pension Fund are unable to determine which of the people who claim they are the proper beneficiaries as in fact entitled to the benefit.

Plaintiffs have no adequate remedy at law.

**WHEREFORE, Plaintiffs pray that:**

A. Each of the Defendants be restrained from instituting any action against Plaintiffs for the recovery of benefits due to any of them as a result of James Broullard's death.

B. Defendants be required to interplead and settle among themselves their rights under the Plan and that the Fund be discharged from all liability in the premises except to the person or persons entitled to benefits.

C. Plaintiffs have such other and further relief as may seem just and equitable.

By: /s/ Laura M. Finnegan
One of the attorneys for the Plaintiffs

Names and Address of Attorneys for the Plaintiffs:

Laura M. Finnegan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
(312) 236-4316

I:\731exp\Broullard, James\complaint (interpleder).wpd