IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRENCE J. HANCOCK, JOHN J. LISNER, )
DAVID M. SNELTEN, DALE BOLT, JOSEPH )
BENSON and WILLIAM H. COLLINS, as )
TRUSTEES of the LOCAL 731, I.B. of T., )
EXCAVAOTRS and PAVERS PENSION )
TRUST FUND, )
                                            )
          Plaintiffs, )        No. 10 C 6703
                                            )
    v. )        Honorable Charles R. Norgle
                                            )
PAMELA BROULLARD, CAROL WILHELM, )
JACOB BROULLARD, JOSEPH BROULLARD, )
and SHANNON BROULLARD )
                                            )
          Defendants. )

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

      Upon the death of James Broullard ("James"), Terrence J. Hancock, John J. Lisner, David M. Snelten, Dale Bolt, Joseph Benson and William H. Collins (collectively, "Plaintiffs"), as trustees of the Local 731, I.B. of T., Excavators and Pavers Pension Trust Fund ("Pension Fund") filed an interpleader action pursuant to Federal Rule of Civil Procedure 22, naming Pamela Broullard ("Pamela"), Carol Wilhelm ("Carol"), Jacob Broullard ("Jacob"), Joseph Broullard ("Joseph"), and Shannon Broullard ("Shannon") as defendants. Before the Court is Pamela's motion for summary judgment. Also before the Court is Pamela's motion to strike Carol's affidavit, and to deny Carol's opposition to summary judgment. For the following reasons, the Court denies Carol's opposition to summary judgment, and enters summary judgment in

1

Pamela's favor.

## I. BACKGROUND

### A. Facts

James Broullard was a vested participant of an employee benefit from the Pension Fund. Rule 56.1 Statement of Facts in Supp. of Def. Pamela Broullard's Mot. for Summ. J. ¶ 1. He died on November 13, 2009. Id. ¶ 2. Pamela filed a claim for the pension benefits after James's death. Id. ¶ 29. The Pension Fund approved the claim for benefits in April of 2010, and began paying $1,249.76 in monthly benefits to Pamela. Id. ¶ 30. Thereafter, Carol sent a letter to the Pension Fund asserting discrepancies in the Designation of Pension Beneficiary Form ("Designation Form"). Id. ¶ 31. Upon receipt of the letter, the Pension Fund raised other inconsistencies in the process of the formation of the Designation Form, and suspended pension benefits to Pamela on June 25, 2010. Id. ¶ 32.

Under the Death Benefit Summary Plan Description,

> If you are vested and eligible for one of the Pension Benefits described in Chapter 7, but are not eligible for the Pre-Retirement Survivor Annuity (because, for example, you were not married at the time of your death or you were married for less than one year before your death) and die before retiring, your Beneficiary will receive 60 monthly payments beginning with the month following your death. If you have not designated a Beneficiary, benefits will be paid on your behalf to your spouse, or if none, your children, or if none, your estate.

Id. Pamela Broullard Aff. Ex. 1. James was not married when he died. Id. ¶ 3. Pamela was married to James from 1967 to 1975, when they divorced. Id. After their divorce James lived with Pamela on and off over the years, and lived with her continuously from 1998 until his death in 2009. Id. ¶ 4. James had two other marriages. Id. ¶ 3. He was married to Debra Wellman from 1982 to 1986, and to Linda Hypes from 1997 to 1999. Id. James has four children: Carol,

Joseph, Jacob, and Shannon. Carol is the natural daughter of James and Pamela. Id. ¶ 5. Joseph and Jacob are the natural sons of James and Debra Wellman. Id. ¶ 6. Shannon is the natural daughter of James and Cindy Richardson. Id. ¶ 8.

At the time of James's death, the Pension Fund possessed a copy of the Designation Form signed by James, naming Pamela as his beneficiary of the pension payments. Id. ¶ 13. Pamela completed the informational portion of the Designation Form. Id. ¶ 15. James signed the Designation Form naming Pamela as his beneficiary on January 29, 2001, before a notary public, Francesca Hernandez ("Francesca"), at the West Suburban Currency Exchange in Streamwood, Illinois. Id. ¶ 14. Pamela was with James in the presence of the notary. Id. ¶ 15.

On May 2, 2011, Francesca reviewed James's Designation Form. Id. ¶ 16. She confirmed that her signature and official notary seal appear in the notary certification section of the Designation Form. Id. ¶ 17. Francesca's usual and customary practice in certifying an individual's signature on a document is to request that the signatory of the document identify himself and provide proof of identification such as a driver's license, observe the signatory sign the document, and then apply the seal and certification of signature. Id. ¶ 18; see also id. Francesca Hernandez Aff., at 1-2. She asked to see James's photo identification because she wrote his Driver's License number under his name on the Designation Form. Id. ¶ 19.

In October of 2009, a month before James's death, Joseph, one of the defendants in this case, talked with James about both his retirement and Pamela. Id. ¶ 24. Joseph stated that during this conversation James confirmed that he had made Pamela his beneficiary of the Pension Fund benefit, and that he desired her to remain his beneficiary. Id. ¶ 25.

3

## B. Procedural History

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiffs assert that if Pamela is not the proper beneficiary of the death benefit, then under the terms of the plan, James's children would be the proper beneficiaries. Because Plaintiffs are "unable to determine which of the people who claim they are the proper beneficiaries as in fact entitled to the benefit," Compl. ¶ 18, on October 10, 2010, they initiated this interpleader action pursuant to Rule 22 to require the Defendants to settle among themselves their rights under the Pension Plan. Subsequently, Defendants Pamela and Carol answered the complaint. Defendants Jacob, Joseph, and Shannon failed to answer, appear, or otherwise respond to the complaint. Pamela moved for default judgment against Jacob, Joseph, and Shannon, which the Court granted on June 9, 2011. Pamela now moves for summary judgment. She also moves to strike Carol's affidavit, and to deny Carol's opposition to summary judgment.

## II. DISCUSSION

## A. Standards of Decision

"Interpleader is an equitable procedure used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." Aaron v. Mahl, 550 F.3d 659, 663 (7th Cir. 2008) (citing Indianapolis Colts v. Mayor & City Council of Balt., 741 F.2d 954, 957 (7th Cir. 1984)). An interpleader action proceeds in two stages. Id.; Rhoades v. Casey, 196 F.3d 592, 600 (5th Cir. 1999).

> In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court

4

> finds that the interpleader action has been properly brought the district court will
> then make a determination of the respective rights of the claimants. When there is
> no genuine issue of material fact the second stage may be adjudicated at summary
> judgment . . . .

Rhoades, 196 F.3d at 600 (citations omitted).

Pursuant to Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Egan v. Freedom Bank, No. 10-1214, 2011 WL 4600471, at *3 (7th Cir. Oct. 6, 2011). In other words, to survive a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). The Court views the evidence and draws all reasonable inferences in the light most favorable to the non-moving party. Weber v. Univs. Research Ass'n, Inc., 621 F.3d 589, 592 (7th Cir. 2010). The Court does not, however, "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." Gonzalez v. City of Elgin, 578 F.3d 526, 529 (7th Cir. 2009) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986)). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Egonmwan v. Cook Cnty. Sheriff's Dep't, 602 F.3d 845, 849 (7th Cir. 2010) (internal quotation marks and citation omitted). Conclusory allegations, unsupported by specific facts made in affidavits opposing a motion for summary judgment, will not defeat a motion for summary judgment. Thomas v. Christ Hosp. & Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)

(citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)).

## B. Evidentiary Challenges

Pamela moves for summary judgment, arguing that she is the rightful beneficiary to the death benefit under the Pension Plan. In response to Pamela's motion for summary judgment, Carol submitted an affidavit and a pleading styled, "Rule 56.1 Statement of Facts in Support of Defendant Carol Wilhelm Motion for Summary Judgment." Pamela moves to deny Carol's apparent opposition to summary judgment for failure to comply with Local Rule of the United States District Court for the Northern District of Illinois 56.1. She also moves to strike Carol's affidavit. Each is discussed in turn.

### 1. Carol's Local Rule 56.1 Response

When Pamela filed her motion for summary judgment, she included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2, and Timms v. Frank, 953 F.2d 281, 285 (7th Cir. 1992). This notice explains that Carol's response must comply with Federal Rule of Civil Procedure 56 and Local Rule 56.1. Despite this notice, Carol's opposition is deficient for a multitude of reasons. First, although Local Rule 56.1(b)(2) requires a party opposing a motion for summary judgment to serve and file a supporting memorandum of law, Carol failed to do so.

In addition, Carol was required to respond to Pamela's statement of material facts with: "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon," and "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the

6

affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B-C). Carol's response generally recites Pamela's allegations, but several of her responses improperly include additional facts. These facts should have been recited in a separate statement, but were not. See Cichon v. Exelon Generation Co., 401 F.3d 803, 809 (7th Cir. 2005) ("Local Rule 56.1 *requires specifically* that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement . . . of any additional facts that require the denial of summary judgment.'" (quoting N.D. Ill. R. 56.1(b)(3)(C) (additional citations omitted)).

Finally, Carol's response is improper because she failed admit or deny Pamela's factual allegations. See Ammons v. Aramark Uniform Servs., Inc., 368 F.3d 809, 818 (7th Cir. 2004) (holding that the district court did not abuse its discretion by striking responses where the nonmoving party failed to indicate whether it agrees with or denies the factual allegation); see also L.R. 51.6(b)(3)(B) ("[A] concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon . . . .").

Although pro se litigants, such as Carol, are entitled to liberal construction of their pleadings, they must comply with procedural rules. Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008). Local Rule 56.1 is designed to conserve judicial time and resources. See Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 527 (7th Cir. 2000) ("These rules assist the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence." (internal quotation

7

marks and citation omitted)). The importance of complying with Local Rule 56.1 has been the subject of so many opinions of this District and the Seventh Circuit that further elaboration is not required. See, e.g., Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003); Malec v. Sanford, 191 F.R.D. 581, 582-87 (N.D. Ill. 2000). Given its importance, the Seventh Circuit has consistently and repeatedly upheld a district court's discretion to require strict compliance with Local Rule 56.1. See, e.g., Ammons, 368 F.3d at 817 (citations omitted). In this instance, because Carol failed to comply with Local Rule 56.1, the Court strikes her response. All material facts set forth in Pamela's Rule 56.1 statement of facts are deemed admitted. N.D. Ill. R. 56.1(b)(3)(C).

### 2. *Carol's Affidavit*

Pamela also challenges the admissibility of Carol's submission, styled "Affidavit of Carol Wilhelm." Pamela contends that the contents of the submission should be excluded from consideration in this summary judgment proceeding because it is neither sworn nor dated. "[A]n affidavit is admissible in a summary judgment proceeding only if it is sworn to before an officer authorized to administer an oath, such as a notary public." Trapaga v. Central States Joint Bd. Local 10, No. 05 C 5742, 2007 WL 1017855, at *2 (N.D. Ill. Mar. 30, 2007) (citing Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985)). Carol's affidavit was not sworn and therefore constitutes an unsworn declaration.

Nonetheless, pursuant to 28 U.S.C. § 1746, "an unsworn declaration which is dated and signed by the declarant under penalty of perjury and verified as true and correct may be used, in lieu of a sworn affidavit, to support or respond to a motion for summary judgment." Trapaga, 2007 WL 1017855, at *2 (internal quotation marks and citations omitted). While the Court is mindful that "a district court should not be unnecessarily hyper-technical and overly harsh on a

8

party who unintentionally fails to make certain that all technical, non-substantive requirements of execution are satisfied," Pfeil, 757 F.2d at 859, "compliance with 28 U.S.C. § 1746 is mandatory and fundamental, not a 'non-substantive' requirement," Davis v. Wells Fargo Bank, 685 F. Supp. 2d 838, 842 (N.D. Ill. 2010) (internal quotation marks and citation omitted). Here, Carol's unsworn declaration is not dated and therefore fails to comply with one of the substantive requirements of execution under 28 U.S.C. § 1746.

However, because Carol is proceeding pro se, the Court, in an abundance of caution, overlooks this defect. Nonetheless, Carol's two-page unsworn declaration cannot defeat Pamela's motion for summary judgment. Not only does it contain irrelevant or unnecessary assertions, Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996), it is improperly riddled with conclusory allegations, unsupported by specific facts. See Thomas, 328 F.3d at 894; see also Fed. R. Civ. P. 56(c)(4).

Because Carol has failed to comply with the procedural rules to oppose a motion for summary judgment, there is no evidence of record that would permit a jury to return a verdict in her favor. Thus, there is no genuine issue of material fact.

## C. Interpleader

As an initial matter the Court must determine whether the requirements for rule interpleader have been met. Under Rule 22, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). An interpleader action is justified "only when the stakeholder has a real and reasonable fear of double liability or conflicting claims." Aaron, 550 F.3d at 663. But "[a] 'real and reasonable fear' does not require the party requesting inter-pleader to show that the claimants

9

might eventually prevail." Id. Here, there is a single fund at issue—the Pension Fund death benefit—and there are adverse claimants to that fund, including Pamela and James's children. Plaintiffs' Rule 22 interpleader action is therefore proper. Because there is no genuine issue of material fact, the Court proceeds to the second stage, and determines the respective rights of the claimants to the death benefit.

"Claims for benefits under ERISA must be resolved in accordance with the written terms of the plan." Riordan v. Commonwealth Edison Co., 953 F. Supp. 952, 956-57 (N.D. Ill. 1996) (citation omitted). According to the terms of the Pension Plan, the decedent's "Beneficiary will receive 60 monthly payments beginning with the month following . . . death." Rule 56.1 Statement of Facts in Supp. of Def. Pamela Broullard's Mot. for Summ. J., Pamela Broullard Aff. Ex. 1. At the time of James's death, the Pension Fund possessed a copy of the Designation Form signed by James, naming Pamela as his beneficiary of the pension payments. "Life insurance proceeds must be made to the beneficiary listed on properly executed designation forms. To hold otherwise would be to force policy administrators to delve beyond the properly executed designation forms to determine the proper beneficiary." Riordan, 953 F. Supp. at 957. The only issue in this case is whether the Designation Form, naming Pamela as the beneficiary, was properly executed.

The Designation Form states, "If you are not married you may designate any one you choose." Rule 56.1 Statement of Facts in Supp. of Def. Pamela Broullard's Mot. for Summ. J., Pamela Broullard Aff. Ex. 3. The record is clear that James was neither married when the Designation Form was submitted and accepted by the Pension Fund, nor at his death. He was therefore permitted to designate anyone of his choosing as his beneficiary. It is also undisputed

that James signed the Designation Form naming Pamela as his beneficiary of the pension payments, and that Pamela completed the informational portion of the Designation Form. Pamela acknowledges that she incorrectly dated the Designation Form, indicating February 29, 2001.[1] This error however, does not render the Designation invalid.

"To validly designate a life-insurance beneficiary, ERISA contains 'no explicit requirement . . . [that the designation] form must be signed and dated in a specific manner.'" Burns v. Orthotek, Inc. Emps.' Pension Plan & Trust, No. 10-1521, 2011 WL 4089798, at *3 (7th Cir. Sept. 15, 2011) (quoting Davis v. Combes, 294 F.3d 931, 940 (7th Cir. 2002)) (alteration in original). Because ERISA does not speak directly on this topic, the Seventh Circuit in Davis applied the doctrine of substantial compliance and held that an unsigned and undated change of beneficiary designation form was nonetheless valid. Davis, 294 F.3d at 940. The court construed this failure as a technical omission, noting that "a careless error should not conclusively determine whether [a policy holder's] efforts at naming a beneficiary were effective for purposes of the policy and the statute." Id. at 942.

In the instant case, the evidence unequivocally establishes that James intended to designate Pamela his beneficiary. Unlike the policy holder in Davis, here, James signed the Designation Form naming Pamela as his beneficiary before a notary. The Designation Form was also dated, although incorrectly. This "scriveners error," while careless, is harmless and does not cast doubt on the validity of James's designation of Pamela as his beneficiary. The Court determines that the Designation Form is valid.

---

[1] James signed the Designation Form in the presence of Francesca, Notary Public, State of Illinois, on January 29, 2001. The Court takes judicial notice that 2001 was not a leap year, and therefore the last day of February in 2001 was the 28th.

11

Illinois "recognizes a strong presumption that the named beneficiary of a life insurance policy is entitled to its proceeds." Davis, 294 F.3d at 936 (citing Travelers Ins. Co. v. Daniels, 667 F.2d 572, 573 (7th Cir. 1981)). To rebut this presumption, Carol must show by clear and convincing evidence that she was deprived of the proceeds by (1) fraud or constructive fraud, (2) breach of a fiduciary duty, or (3) duress, coercion, or mistake. See id. (citations omitted). "To be 'clear and convincing,' the evidence presented must 'leave[ ] no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question.'" Id. (quoting Parker v. Sullivan, 891 F.2d 185, 188 (7th Cir. 1989) (alteration in original)). Carol has not and cannot present direct evidence sufficient to justify overriding the written Designation Form. The record evidence is consistent with James's intent to designate Pamela as his beneficiary. Specifically, James and Pamela lived together from 1998 to his death in 2009. James signed the Designation Form naming Pamela as his beneficiary in the presence of a notary public in 2001. Further, James told his son Joseph, a month before he died, that he made Pamela his beneficiary of the Pension Fund benefits, and that he desired her to remain his beneficiary.[2] Accordingly, the Court determines that Pamela is entitled to the death benefit.

---

[2] Jospeh's affidavit is not hearsay "because it was offered, not for its truth, but to prove the intent of the decedent." Aetna Life Ins. Co. v. Wise, 184 F.3d 660, 665 (7th Cir. 1999).

## III. CONCLUSION

For the reasons discussed above, the Court denies Carol's opposition to summary judgment, and enters summary judgment in Pamela's favor. Pamela is the named beneficiary of a valid Designation Form and is therefore the rightful beneficiary of the death benefit in accordance with the written terms of the Pension Plan.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: October 25, 2011